**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

JAMAL A. ABUAGLA,
  *Defendant-Appellant.*

No. 02-4875

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-02-268)

Argued: June 5, 2003

Decided: July 9, 2003

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by published opinion. Judge Williams wrote the opinion, in which Judge Niemeyer and Judge Traxler joined.

## COUNSEL

**ARGUED:** Larry Lynn Lewis, LAW OFFICE OF J. W. NESARI, L.L.C., Herndon, Virginia, for Appellant. Gordon Dean Kromberg, Assistant United States Attorney, Alexandria, Virginia, for Appellee. **ON BRIEF:** Paul J. McNulty, United States Attorney, Brian D. Miller, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

**OPINION**

WILLIAMS, Circuit Judge:

Jamal A. Abuagla appeals from his conviction for violation of 18 U.S.C.A. § 1015(a) (West 2000). On September 7, 1988, Abuagla was arrested for possession of a concealed firearm and spent 24 hours in jail. On August 13, 1990, the criminal charges for possession of a concealed firearm were dropped because Abuagla participated in a pre-trial intervention program. On November 11, 1995, Abuagla submitted an application for naturalization in which he answered "no" to the question of whether he had ever been arrested for breaking or violating any law, excluding traffic regulations. At the time that he answered the question, Abuagla, of course, knew that he had been arrested in 1988. The Government concedes that this false statement was not material. The sole issue on appeal is whether materiality is an element of the crime of knowingly making a false statement under oath in a naturalization proceeding under § 1015(a). Concluding that materiality is not an element, we affirm the district court.

We review questions of statutory interpretation de novo, *Holland v. Pardee Coal Co.*, 269 F.3d 424, 430 (4th Cir. 2001), "begin[ning] with the language of the statute." *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002). We must first "determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Id.* (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). Our "inquiry must cease if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'" *Robinson*, 519 U.S. at 340 (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240 (1989)).

Section 1015(a) makes it a crime to "knowingly make[] any false statement under oath, in any case, proceeding, or matter relating to, or under, or by virtue of any law of the United States relating to naturalization, citizenship, or registry of aliens." 18 U.S.C.A. § 1015(a). "Nowhere does it further say that a material fact must be the subject of the false statement or so much as mention materiality." *United States v. Wells*, 519 U.S. 482, 490 (1997) (interpreting 18 U.S.C.A. § 1014, which prohibits "knowingly mak[ing] any false statement" in a loan application to a federally insured bank, and holding that materi-

ality is not an element of § 1014). Moreover, none of the terms used in § 1015 have a common law meaning that includes a requirement of materiality. *See id.* at 490-91 (holding that the term "false statement" does not have any common law implication of materiality). Because the statutory language is clear, our inquiry is finished. Accordingly, we affirm Abuagla's conviction for violation of § 1015(a).

*AFFIRMED*