Rehearing granted, March 4, 2010

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-8513**

MICHAEL EDWARD KENNEDY, #35377-098,

Petitioner - Appellant,

v.

MICHAEL P. ALLERA, United States Probation Service; WILLIAM
S. HENRY, United States Probation Service; EDWARD F. REILLY,
Chairman, United States Parole Commission; JOHN JOSEPH
CURRAN, JR., Office of the Attorney General; KATHRYN
SEIFERT, Director, Eastern Shore Psychological Services,

Respondents - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Benson Everett Legg, Chief District
Judge.  (1:05-cv-00129-BEL)

Submitted:  October 5, 2009          Decided:  October 22, 2009

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Paresh S. Patel, Staff
Attorney, Greenbelt, Maryland, for Appellant.   Rod J.
Rosenstein, United States Attorney, Larry D. Adams, Assistant
United States Attorney, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Edward Kennedy appeals the district court's denial of his 28 U.S.C. § 2241 (2006) petition and his motion for a temporary restraining order. On appeal, Kennedy asserts that the district court erred in finding that he was required to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16913(b) (2006); that he was unable to "initially register" under SORNA; that SORNA violates the Commerce Clause; the Attorney General violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 533(d) (2006), in retroactively applying SORNA without notice and a comment period; and that the United States Parole Commission violated the Tenth Amendment in forcing Kennedy to register in violation of Maryland law. We affirm.

I. Kennedy's registration under Maryland law

Under SORNA, "a sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). Kennedy first argues that, because Maryland law does not provide a means for him to register as a sex offender because his offense occurred out of state prior to 1997, he cannot comply with SORNA. Allera responds that, regardless of Maryland law, SORNA

2

requires him to register. We review questions of statutory interpretation de novo. United States v. Abuagla, 336 F.3d 277, 278 (4th Cir. 2003).

Kennedy's arguments are premised on the notion that Kennedy was not required to register as a sex offender under Maryland law. However, a review of Maryland law indicates that, regardless of the requirements of Maryland's registry at the time Kennedy was released from prison, Kennedy is currently required to register as a sex offender under Maryland law. The Code of Maryland requires the registration of "sexually violent offenders." Md. Code Ann., Crim. P. § 11-704(a)(3) (LexisNexis 2008). A sexually violent offender is defined, for purposes of the Maryland Code, as one who has been convicted of a sexually violent offense. Md. Code Ann., Crim. P. § 11-701(j)(1) (LexisNexis 2008). Among other definitions, the Code defines a sexually violent offense as a crime committed in another state that, if had been committed in Maryland, would constitute a crime specifically enumerated in the sex offender registration statute as one requiring registration. Md. Code Ann., Crim. P. § 11-701(k)(3).

Kennedy was convicted of felony-murder and rape. See United States v. Kennedy, 714 F.2d 968, 971 (9th Cir. 1983). One of the specifically enumerated offenses requiring registration is first degree rape, which the Maryland Code

defines as engaging in nonconsensual vaginal intercourse with another by force, and suffocating, strangling, or inflicting serious physical injury while doing so. Md. Code Ann., Crim. L. § 3-303 (LexisNexis 2002); Md. Code Ann., Crim. P. § 11-701(k). Though Kennedy was convicted of the federal equivalent of first degree rape prior to the enactment of laws requiring the registration of sexually violent offenders in Maryland, the Maryland statute has been made retroactive "to include a registrant convicted of an offense committed before July 1, 1997, and who is under the custody or supervision of a supervising authority on October 1, 2001." Md. Code Ann., Crim. P. § 11-702.1(a) (LexisNexis 2008). Kennedy was convicted of rape prior to July 1, 1997, and was under parole supervision on October 1, 2001. Accordingly, because Kennedy is required to register as a sex offender under Maryland law, his first argument is without merit.

Similarly, Kennedy's argument that he was unable to "initially register" under SORNA is without merit, as he was required to do so under Maryland law. Under 42 U.S.C. § 16913(b),

The sex offender shall initially register --

(1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or

4

> (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

Part (d) of § 16913 gave the Attorney General the authority to specify the applicability of the initial registration requirement to sex offenders convicted before SORNA's implication. The Attorney General later issued a regulation retroactively applying SORNA's registration requirements to individuals, like Kennedy, who were unable to initially register, as they were convicted before SORNA's enactment. See 28 C.F.R. § 72.3. Though Kennedy asserts that this retroactive application still does not afford him a method by which to "initially register," this argument is without merit, as he is presently required to register by Maryland law. As we found recently in United States v. Gould, 568 F.3d 459, 466-67 (4th Cir. 2009), "a sex offender is able to register under SORNA if he is able to register by means of an existing state registration facility, even if he was released before SORNA was enacted." Therefore, this argument is without merit.

## II. Commerce Clause

Kennedy next asserts that, if this court finds that "SORNA creates an independent federal mandate on individuals to register that is not dependent on state implementation of the Act," then SORNA unconstitutionally violates the Commerce

5

Clause, as it "regulates purely intrastate activity that does not substantially affect interstate commerce." However, we need not reach the issue of SORNA's Commerce Clause implications because Maryland law requires Kennedy to register.

### III. Administrative Procedure Act

Kennedy next asserts that, if this court determines that SORNA requires Kennedy to register, the Attorney General violated the APA, by failing to provide notice and a comment period. Pursuant to 5 U.S.C. § 553(b), (d), proposed rules are required to be published in the Federal Register for at least thirty days prior to their effective dates, in order to give the public time to comment. Agencies can dispense with this notice "when the agency for good cause finds . . . that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest." 5 U.S.C. § 553(b). When promulgating the retroactive application of SORNA, the Attorney General invoked this provision. 72 Fed. Reg. 8896. Again, as Kennedy has qualified his argument by stating that it only applies if this court determines SORNA requires him to register as a sex offender independently of Maryland, we do not reach this issue, as Kennedy was required to register under Maryland law.

6

IV. Tenth Amendment

Finally, Kennedy asserts that the United States Parole Commission lacked authority under the Tenth Amendment to force Kennedy to register in Maryland when such registration violated Maryland law. However, because Maryland law required Kennedy to register as a sex offender, this argument is wholly without merit.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED