**ON REHEARING**

**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MICHAEL EDWARD KENNEDY,
#35377-098,

*Petitioner-Appellant,*

v.

MICHAEL P. ALLERA, United States
Probation Service; WILLIAM S.
HENRY, United States Probation
Service; EDWARD F. REILLY,
Chairman, United States Parole
Commission; JOHN JOSEPH CURRAN,
JR., Office of the Attorney
General; KATHRYN SEIFERT,
Director, Eastern Shore
Psychological Services,

*Respondents-Appellees.*

No. 08-8513

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson Everett Legg, Chief District Judge.
(1:05-cv-00129-BEL)

Argued: May 13, 2010

Decided: July 15, 2010

Before NIEMEYER, GREGORY, and SHEDD,
Circuit Judges.

Affirmed by published opinion. Judge Niemeyer wrote the opinion, in which Judge Gregory and Judge Shedd joined.

---

**OPINION**

**ARGUED**: Paresh S. Patel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Larry David Adams, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellees. **ON BRIEF**: James Wyda, Federal Public Defender, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellees.

---

**OPINION**

NIEMEYER, Circuit Judge:

Having been released on parole after serving 20 years of a life sentence of imprisonment for a 1980 federal conviction for rape and murder, Michael Kennedy was directed by his U.S. Probation Officer, as a condition of parole, to report to the Wicomico County, Maryland, Sheriff's Office and to register as a sex offender, in accordance with the Sex Offender Registration and Notification Act ("SORNA"), Title I of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, §§ 101-155, 120 Stat. 587, 590-611 (codified primarily at 42 U.S.C. §§ 16901-16962 and 18 U.S.C. § 2250). *See* 42 U.S.C. § 16913(a) (imposing a duty on sex offenders to register in the States in which they reside, work, and study); 28 C.F.R. § 72.3 (making SORNA applicable to those convicted of a sex offense prior to SORNA's enactment). Acknowledging the broad scope of his Probation Officer's authority, Kennedy nonetheless argues that the order to register was unreasonable because (1) it was premised on an incorrect reading of SORNA; (2) he was unable lawfully to

register in Maryland under the terms of Maryland's state registry; and (3) the order violated the Tenth Amendment by commandeering Maryland officials to register him in violation of Maryland law.

We conclude that because SORNA lawfully imposes, as a matter of federal law, registration obligations directly on sex offenders, such as Kennedy, the Probation Officer acted within his discretion in imposing the registration requirement and that Kennedy is not relieved of that duty by any restriction in Maryland law or by Maryland's failure to implement SORNA. We also reject Kennedy's Tenth Amendment challenge. Accordingly, we vacate our earlier opinion, *Kennedy v. Allera*, No. 08-8513, 361 F. App'x 442 (4th Cir. Oct. 22, 2009) (affirming on the ground that Kennedy was required to register under Maryland law independent of his duty under SORNA), and affirm the judgment of the district court for the reasons given herein.

I

In December 1980, a federal jury in California convicted Michael Kennedy of raping and murdering Maria Lopez de Felix. At the time of the crime, Kennedy was employed as an Immigration and Naturalization Officer, and the victim was a Mexican national who had attempted to enter the United States illegally. According to the facts presented at trial, Kennedy was escorting Lopez de Felix to the Mexican border when he led her to an unoccupied building, raped and strangled her, and left her body on an adjacent walkway. Following his conviction, Kennedy was sentenced to life imprisonment.

After serving 20 years in federal prison, Kennedy was released on parole in January 2000 to the supervision of the U.S. Parole Commission in the District of Maryland. Included in the standard conditions of his release was the requirement that Kennedy register as a sex offender in accordance with the

laws of any State with which he had contact, as directed by his U.S. Probation Officer. The condition provided specifically:

> If you have been convicted of any sexual offense under District of Columbia or federal law (including Uniform Code of Military Justice offenses), you must report for registration with your state sex offender registration agency as directed by your U.S. Probation Officer. You are required to report for registration in any state in which you live, work, attend school, or pursue any vocation. You must be registered in compliance with applicable state law that applies to current or prior federal, state, or local convictions for sexual offenses, and in compliance with 42 U.S.C. § 14072(i) (which makes it a federal crime for any offender covered by 18 U.S.C. § 4042 not to register in accordance with state law). If there is any question as to whether or where you are required to register, you must seek and follow the guidance of your U.S. Probation Officer.

J.A. 18.

When Kennedy's U.S. Probation Officer, Michael Allera, instructed Kennedy to register as a sex offender in Maryland in accordance with Maryland law, Kennedy objected, arguing that Maryland law did not require him to register. Nonetheless, Kennedy reported to the Wicomico County Sheriff's Office to register, as Allera had directed. The Sheriff's Office, however, refused to accept Kennedy's registration, concluding that Kennedy was not required to register under Maryland law. Consequently, Officer Allera withdrew his instruction to Kennedy to register in Maryland as a sex offender.

In 2004, Officer Allera learned of several troubling incidents in which Kennedy had acted inappropriately toward women. In addition, Allera received a report from Kennedy's

therapist indicating that recent evaluations suggested that Kennedy posed a moderate risk of committing another sex offense. Officer Allera submitted those facts to the Parole Commission, and the Commission modified Kennedy's parole conditions to require him to submit to a polygraph examination and to continue participating in a sex-offender treatment program. After Kennedy objected to these conditions, the Commission's National Appeals Board affirmed them on January 7, 2005. In response, Kennedy filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241 in the district court, challenging his new parole conditions on constitutional and statutory grounds.

On July 27, 2006, while Kennedy's habeas petition was pending, Congress enacted SORNA, which provides that "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). In addition, SORNA gave the Attorney General of the United States the authority to specify its applicability to sex offenders convicted before its enactment or its implementation in a particular jurisdiction. *Id.* § 16913(d). Pursuant to this authority, the Attorney General issued a regulation on February 28, 2007, making SORNA's registration requirements applicable to "all sex offenders, including sex offenders convicted of the offense . . . prior to the enactment of [SORNA]." 28 C.F.R. § 72.3.

In response to SORNA's enactment and the Attorney General's regulation, Officer Allera officially instructed Kennedy, by letter dated March 16, 2007, to register as a sex offender under SORNA. In response to this letter, Kennedy supplemented his habeas petition to include a challenge to the legality of this condition and any obligation to register under SORNA. At the same time, Kennedy also filed a motion for a temporary restraining order and preliminary injunction, requesting that the district court enjoin Officer Allera from requiring him to register. This motion was later withdrawn,

however, when the Parole Commission agreed to refrain from ordering Kennedy to register as a sex offender while the merits of his habeas petition were pending and while the Parole Commission was considering him for early termination of parole.

On November 13, 2007, the Parole Commission denied Kennedy early termination of parole, and the National Appeals Board thereafter affirmed the ruling. The Board stated further:

> [T]he Commission has not specifically required you to register as a sex offender under Maryland law because it had been advised that there was a question of the applicability of the law to you. In good faith, the Commission has awaited a ruling on the issue. However, the National Appeals Board has determined that, under the Sex Offender Registration and Notification Act (SORNA), you are required to register as a sex offender. *See U.S. v. Gould*, 526 F. Supp. 2d 538 (D. Md. 2007). The Board affirms the condition of parole that requires you to register as a sex offender.

J.A. 96. To implement the ruling, Officer Allera sent Kennedy a letter dated April 18, 2008, which stated:

> Dear Mr. Kennedy,
>
> This is a follow-up to my phone message on 04/18/2008. As you are aware, a condition of your parole states if you have been convicted of any sexual offense under District of Columbia or federal law you must report for registration with your state sex offender registration agency as directed by your U.S. Probation Officer. You are required to report for registration in any state in which you live, work, attend school, or pursue any vocation. This condition was

held in abeyance pending further research of the matter.

As indicated in the Notice of Action on Appeal dated March 26, 2008, the Parole Board affirmed the condition of your parole that requires you to register as a sex offender. As noted in the document, this was based on a decision by the National Appeals Board.

*You are hereby instructed to report to Lieutenant Roberts . . . at the Wicomico Sheriff's Office . . . and register as a sex offender on April 30, 2008 at 10:00 am.*

J.A. 97 (emphasis added).

After receiving this letter, Kennedy renewed his motion for a temporary restraining order and preliminary injunction to prohibit the Parole Commission from requiring him to register as a sex offender, challenging the constitutionality of SORNA in various respects and arguing that SORNA did not apply to him because Maryland law did not require him to register. In response, the Parole Commission agreed to delay enforcing its requirement that Kennedy register as a sex offender until after the district court ruled on Kennedy's habeas petition and motion for an injunction.

Thereafter, the district court denied both Kennedy's habeas petition and his motion for an injunction, explaining that SORNA's "clear and unequivocal requirement that individuals convicted of sex offenses must register as sex offenders under federal law" applied to him even though Maryland had not yet fully implemented SORNA, noting that Maryland has a registry in which Kennedy could register. *Kennedy v. Allera*, No. 1:05-CV-00129-BEL, slip op. at 5 (D. Md. June 10, 2008). The court also summarily rejected Kennedy's constitutional and statutory challenges to SORNA, explaining that "[t]hese arguments have been considered and consistently

rejected by courts across the country, all of which have confirmed the constitutionality of SORNA and the regulations associated with it. The Court concurs in these analyses and will not belabor these points here." *Id.* at 6-7 (citations omitted). Finally, the court found significant the fact that "[a]s Kennedy acknowledges, the Commission has broad authority to impose conditions on his parole that are reasonably related to his offense and personal characteristics." *Id.* at 7. It concluded that Kennedy thus cannot avoid the condition that he "'report for registration with [his] state sex offender registration agency as directed by [his] U.S. Probation Officer.'" *Id.* (quoting Kennedy's parole conditions).

From the entry of the district court's order, dated June 10, 2008, Kennedy appealed to this court. He also reported to the Wicomico County Sheriff's Office to be registered as a sex offender, and the Sheriff's Office accepted his registration. Kennedy is now registered in the Maryland sex offender registry.

By an earlier unpublished opinion, we affirmed the district court's order, concluding that Kennedy's challenges to SORNA made no difference because he was independently required by Maryland law to register as a sex offender. *See Kennedy v. Allera*, No. 08-8513, 361 F. App'x 442, 443-45 (4th Cir. Oct. 22, 2009).

On November 2, 2009, Kennedy filed a petition for rehearing, arguing that we had misinterpreted Maryland law in holding that Maryland law required him to register as a sex offender. Kennedy argued that under Maryland law, sex offenders whose offenses were committed prior to July 1, 1997, are only required to register if they were previously subject to registration requirements in another State or were under the supervision of a "supervising authority" on October 1, 2001, and that he did not fall within the terms of these provisions because he had never been required to register in another State and because the U.S. Parole Commission was

not included in the statutory definition of "supervising authority." By an order dated March 4, 2010, we granted Kennedy's petition for rehearing.

## II

The U.S. Parole Commission has broad authority to "impose reasonable conditions on an order granting parole," 18 U.S.C. § 4203(b)(2), and because actions of the Parole Commission taken pursuant to this authorization are "committed to agency discretion for purposes of 5 U.S.C. § 701(a)(2)," 18 U.S.C. § 4218(d), they are insulated from judicial review.[1] *See Garcia v. Neagle*, 660 F.2d 983, 988-89 (4th Cir. 1981); *Hackett v. U.S. Parole Comm'n*, 851 F.2d 127, 129 (6th Cir. 1987) ("The federal court's scope of review over a decision by the Parole Commission is extremely limited"). "In general, [however,] even where action is committed to absolute agency discretion by law, courts have assumed the power to review allegations that an agency exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations." *Garcia*, 660 F.2d at 988. Thus, our review of actions of the Parole Commission is limited to claims that it has violated "constitutional, statutory, regulatory, or other restrictions, [and we] may not review [Commission] action where the challenge is only to the decision itself." *Id.*

Recognizing that the Parole Commission has broad authority to impose reasonable conditions on his parole, Kennedy argues nevertheless that the Parole Commission's order for him to register as a sex offender was unreasonable because (1) the order was premised on an incorrect interpretation of

---

[1]These and other provisions regarding parole from federal convictions, 18 U.S.C. §§ 4201-4218, were repealed by the Sentencing Reform Act of 1984, Title II, ch. II of Pub. L. 98-473, § 218(a)(5), 98 Stat. 1837, 2027, but remain in effect for individuals convicted of an offense before the effective date of the repeal, *id.* § 235(b); United States Parole Commission Extension Act of 2008, Pub. L. No. 110-312, § 2, 122 Stat. 3013, 3013.

SORNA; (2) "Mr. Kennedy was unable to lawfully register under the terms of the Maryland state registry, and in turn, unable to lawfully comply with the Parole Commission's Order"; and (3) the order "violated the Tenth Amendment by commandeering the State of Maryland to register Mr. Kennedy in violation of its own state law."[2] We address these arguments in order.

### A

To begin, although Kennedy contends that the special parole condition requiring him to register in Maryland was based on an incorrect interpretation of SORNA, it is unclear whether this claim even falls within the scope of review permitted by 5 U.S.C. § 701(a)(2). *See Garcia*, 660 F.2d at 988. Moreover, even if this claim were reviewable, it would fail on the merits, as it remains clear that SORNA imposes a federal duty on sex offenders to register "in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a); *see also Applicability of the Sex Offender Registration and Notification Act*, 72 Fed. Reg. 8894, 8895 (Feb. 28, 2007) ("SORNA directly imposes registration obligations on sex offenders as a matter of federal law . . ."). SORNA further vests the Attorney General with "the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction," 42 U.S.C. § 16913(d), and the Attorney General has done so, specifying that SORNA applies "to all sex offenders, including sex offenders convicted of the offense for which registration is required prior

---

[2]Kennedy also made several other challenges to SORNA—namely, that SORNA exceeds Congress' power under the Commerce Clause and that the Attorney General violated the Administrative Procedure Act by promulgating the interim regulation making SORNA retroactive without notice and comment—but those challenges have since both been rejected by *United States v. Gould*, 568 F.3d 459, 461 (4th Cir. 2009).

to the enactment of that Act," 28 C.F.R. § 72.3. As Kennedy was convicted of rape and murder in 1980, he qualifies as a sex offender under 42 U.S.C. § 16911(1), (5), and thus he was required by SORNA to register in Maryland, his state of residence.

Notwithstanding this unambiguous directive of federal law, Kennedy contends that because he was unable to "*initially* register," consistent with 42 U.S.C. § 16913(b)(1), a provision that requires sex offenders to "initially register . . . before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement," he is relieved of any duty to comply with SORNA until the Act is implemented in Maryland. As support for this proposition, he relies on guidelines published by the Department of Justice, *see The National Guidelines for Sex Offender Registration and Notification* ("National Guidelines"), 73 Fed. Reg. 38,030, 38,063 (July 2, 2008), which, he claims, make clear that because of his inability to register initially under § 16913(b)(1), he has no duty to register under SORNA until (1) Maryland implements SORNA; (2) he is fully instructed about SORNA's requirements; and (3) he receives a signed acknowledgment of such instructions.

In making this argument, however, Kennedy overlooks the fact that the section of the National Guidelines on which he relies addresses the duty of *jurisdictions* to identify and register sex offenders who cannot be registered under the ordinary initial registration procedure. That section does nothing to negate Kennedy's independent duty as a sex offender to register under SORNA. The National Guidelines, which were "issued to provide guidance and assistance to covered jurisdictions . . . in implementing the SORNA standards in their registration and notification programs," 73 Fed. Reg. at 38,044, repeat that "SORNA applies to all sex offenders, including those convicted of their registration offenses prior to the enactment of SORNA or prior to particular jurisdictions' incorporation of the SORNA requirements into their

programs," *id.* at 38,063. In addition, the National Guidelines instruct *jurisdictions* that they

> should endeavor to register [sex offenders with pre-SORNA or pre-SORNA-implementation convictions who remain in the prisoner, supervision, or registered sex offender populations at the time of implementation] in conformity with SORNA as quickly as possible, including fully instructing them about the SORNA requirements, obtaining signed acknowledgments of such instructions, and obtaining and entering into the registry all information about them required under SORNA.

*Id.* Recognizing, however, that "it may not be feasible for a jurisdiction" to fulfill these duties immediately, the National Guidelines authorize jurisdictions "to phase in SORNA registration for such sex offenders." *Id.* Significantly, though, the grace period afforded *to jurisdictions* has no bearing *on the independent duty imposed on sex offenders*, such as Kennedy, to register. *See* 72 Fed. Reg. at 8895 ("SORNA's direct federal law registration requirements for sex offenders are not subject to any deferral of effectiveness"); *United States v. Gould*, 568 F.3d 459, 465 (4th Cir. 2009) ("We conclude that the requirement imposed on individuals to register is independent of the requirement imposed on the States to implement the enhanced registration and notification standards of SORNA").

Accordingly, we conclude that the Parole Commission correctly determined that SORNA requires Kennedy to register in Maryland, and therefore Kennedy's argument that the condition on his parole requiring him to register is unreasonable because it is premised on an incorrect interpretation of his duties under SORNA is without merit. *See* 18 U.S.C. § 4209(a) ("[T]he [Parole] Commission shall impose as a condition of parole for a person required to register under

[SORNA] that the person comply with the requirements of that Act").

B

Kennedy also argues that the Parole Commission's order for him to register as a sex offender in Maryland was unreasonable because he was "unable to lawfully register under the terms of the Maryland state registry, and in turn, unable to lawfully comply with the Parole Commission's Order." In making this argument, Kennedy maintains that because he is *not required* to register by Maryland law, he is therefore *prohibited* from registering in Maryland. Consequently, he argues, the Parole Commission exceeded its lawful authority by imposing a condition on him that required him to violate state law.

This argument, however, rests on the faulty premise that only those who are *required* to register are lawfully *able* to register. Maryland law creates a sex offender registry in which Kennedy can register even if we were to assume, for purposes of argument, that Maryland law does not of its own force require him to register. Although he contends that the failure of Maryland law to require him to register operates as a prohibition on registering, Kennedy has cited to no provision of Maryland law wherein this prohibition can be found. Because Maryland, like all states, has a sex offender registry in place, the Parole Commission was acting within its discretion when it required him to register in that registry pursuant to SORNA. This conclusion is made plain by the fact that Kennedy currently *is* registered in Maryland, which should put to rest any concern that his registration would be rejected by the State of Maryland even though required by the U.S. Parole Commission and SORNA.

C

Finally, Kennedy argues that the Parole Commission's order was unreasonable because it "violated the Tenth

Amendment by commandeering the State of Maryland to register Mr. Kennedy in violation of its own state law." In making this argument, Kennedy repeats the argument, rejected above, that because he was not required to register as a sex offender in Maryland, Maryland law prohibited him from registering. He also argues that even if it were possible for him to register in Maryland's sex offender registry without violating Maryland law, the special parole condition and SORNA unconstitutionally commandeered Maryland state officials by requiring them to register an individual they otherwise would not have.

While it is true that in *Printz v. United States*, 521 U.S. 898, 935 (1997), the Supreme Court made clear that the Tenth Amendment prohibits the federal government from commandeering state officers by compelling them to enforce a federal regulatory program, Kennedy has not demonstrated that the order requiring him to register as a condition of parole undertakes to obligate the State of Maryland or the Sheriff of Wicomico County to accept his registration. To the contrary, the condition commands only Kennedy, directing *him* to report to the Sheriff's Office and register. Moreover, when, in 2004, prior to the enactment of SORNA, Kennedy attempted to register pursuant to a directive from Officer Allera, the Wicomico County Sheriff's Office declined to register him because it concluded that Maryland law did not require him to register. While the Wicomico County Sheriff's Office did later, in 2008, accept Kennedy's registration, it did not do so because of any command in the special parole condition.

Similarly, Kennedy has not shown that SORNA "commandeers" the State of Maryland in violation of the Tenth Amendment. While SORNA does order that "a sex offender shall register, and keep the registration current" in each jurisdiction with which he has contact, 42 U.S.C. § 16913(a), nowhere does it *require* that the States comply with its directives. Rather, SORNA gives the States a choice, indicating that "a jurisdiction that fails . . . to substantially implement [SORNA]

shall not receive 10 percent of the funds that would otherwise be allocated" to the jurisdiction for federal criminal justice assistance. *Id.* § 16925(a); *see also* 72 Fed. Reg. at 8895 ("The SORNA provisions cast as directions to jurisdictions and their officials are, in relation to the states, only conditions required to avoid [a] funding reduction"). Thus, while SORNA imposes a duty *on the sex offender* to register, it nowhere imposes a requirement *on the State* to accept such registration. Indeed, the criminal provisions of SORNA also recognize that a State can refuse registration inasmuch as they allow, as an affirmative defense to a prosecution, the claim that "uncontrollable circumstances prevented the individual from complying." 18 U.S.C. § 2250(b)(1). Of course, if a State elects not to participate in the implementation of SORNA, it risks losing some funding. *See* 42 U.S.C. § 16925(a). But it is well established that conditioning federal funding on a State's implementation of a federal program does not, without more, violate the Tenth Amendment. *See South Dakota v. Dole*, 483 U.S. 203, 210-11 (1987).

Moreover, even if Kennedy were able to demonstrate facts or circumstances raising the specter of an unconstitutional commandeering, it would be the State, not him, that would be aggrieved, and in presenting the State's claim, Kennedy undoubtedly would face a serious standing question, as the government has suggested in its brief. *See, e.g.*, *United States v. Hacker*, 565 F.3d 522, 526-27 (8th Cir. 2009) (holding that an individual has no standing to challenge SORNA on the ground that it improperly commandeers state officials in violation of the Tenth Amendment); *United States v. Shenandoah*, 595 F.3d 151, 161-62 (3d Cir. 2010) (following *Hacker*); *Brooklyn Legal Servs. Corp. B v. Legal Servs. Corp.*, 462 F.3d 219, 234-36 (2d Cir. 2006) (holding that an individual does not have standing to bring a Tenth Amendment claim); *Medeiros v. Vincent*, 431 F.3d 25, 33-36 (1st Cir. 2005) (same); *United States v. Parker*, 362 F.3d 1279, 1284-85 (10th Cir. 2004) (same). *But see Gillespie v. City of Indianapolis*, 185 F.3d 693, 700-04 (7th Cir. 1999) (holding

that individuals have standing to bring a Tenth Amendment claim); *Atlanta Gas Light Co. v. U.S. Dep't of Energy*, 666 F.2d 1359, 1368 n.16 (11th Cir. 1982) (same). But Kennedy has not even established a plausible claim under the Tenth Amendment, and we therefore need not consider the government's standing argument.[3]

We thus conclude that Kennedy has failed to demonstrate that either the special parole condition imposed on him or SORNA itself raises a Tenth Amendment problem.

\* \* \*

Accordingly, we vacate our prior opinion in this case and, for the reasons given herein, affirm the district court's judgment.

*AFFIRMED*

---

[3]While a court may not, of course, simply assume the existence of Article III standing, *see Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998), prudential standing questions may be avoided in order to decide a case on the merits. *See Nisselson v. Lernout*, 469 F.3d 143, 150-51 (1st Cir. 2006), *cert. denied*, 127 S. Ct. 2131 (2007); *Fraternal Order of Police v. United States*, 173 F.3d 898, 904-05 (D.C. Cir. 1999); *New York v. EPA*, 133 F.3d 987, 992 (7th Cir. 1998); *see also* 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3531.15, at 346-47 (3d ed. 2008). In this case, Kennedy claims to have been aggrieved by the special parole condition and would find relief from this condition if we were to hold that this condition violates the Tenth Amendment. On this basis, he has satisfied Article III standing requirements. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Any lack of standing to bring a Tenth Amendment challenge would therefore be based on the fact that Kennedy would be seeking to assert a claim based on rights belonging to the State, which would raise only prudential concerns. *See Hacker*, 565 F.3d at 526-27.