**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-1973

LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, derivatively and on behalf of Federal Home Loan Mortgage Corporation; R.S. BASSMAN, derivatively on behalf of Freddie Mac aka Federal Home Loan Mortgage Corporation and its shareholders,

Plaintiffs - Appellants,

and

ADAMS FAMILY TRUST, derivatively on behalf of nominal defendant Federal Home Loan Mortgage Corporation; ELNA ADAMS, Trustee, derivatively on behalf of nominal defendant Federal Home Loan Mortgage Corporation; KEVIN TASHJIAN, derivatively on behalf of nominal defendant Federal Home Loan Mortgage Corporation,

Plaintiffs,

v.

FEDERAL HOUSING FINANCE AGENCY,

Plaintiff - Appellee,

and

RICHARD F. SYRON; PATRICIA COOK; ANTHONY PISZEL; EUGENE M. MCQUADE; STEPHEN A ROSS; SHAUN F. O'MALLEY; FEDERAL HOME LOAN MORTGAGE CORPORATION; PRICEWATERHOUSE COOPERS, LLP; FREDDIE MAC, nominal defendant also known as Federal Home Loan Mortgage Corporation; ROBERT R. GLAUBER; BARBARA T. ALEXANDER; MARTIN F. BAUMANN; WILLIAM M. LEWIS, JR.; JEFFREY M. PEEK; GEOFFREY T. BOISI; RONALD F. POE; MIKE PERLMAN; KIRK S. DIE; JAMES R. EGAN; PAUL G. GEORGE; MICHAEL MAY; HOLLIS S. MCLOUGHLIN; PAUL E. MULLINGS; ANURAG SAKSENA; JERRY WEISS; RALPH F. BOYD, JR.; JOSEPH A. SMIALWOSKI; ROBERT Y. TSIEN; ROBERT E. BOSTROM; MICHELLE

ENGLER; THOMAS S. JOHNSON; NICHOLAS P. RETSINAS; JEROME P. KENNEY,

                    Defendants - Appellees.

                    _____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.    Leonie M. Brinkema, District Judge. (1:08-cv-00773-LMB-TCB)

                    _____

Argued: January 28, 2011                    Decided: May 5, 2011

                    _____

Before TRAXLER, Chief Judge, and MOTZ and KEENAN, Circuit Judges.

                    _____

Affirmed by unpublished per curiam opinion.

                    _____

**ARGUED:** Matthew Evan Miller, CUNEO, GILBERT & LADUCA, LLP, Washington, D.C., for Appellants.   Howard N. Cayne, ARNOLD & PORTER, LLP, Washington, D.C., for Appellees.   **ON BRIEF:** Jonathan W. Cuneo, CUNEO, GILBERT & LADUCA, LLP, Washington, D.C.; Steven E. Fineman, Daniel P. Chiplock, LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP, New York, New York; Richard D. Greenfield, Marguerite R. Goodman, GREENFIELD & GOODMAN, LLC, New York, New York, for Appellant R. S. Bassman; Kevin Oufnac, Lewis S. Kahn, Albert M. Myers, KAHN, SWICK & FOTI, LLC, New Orleans, Louisiana, Mark Hanna, MURPHY ANDERSON PLLC, Washington, D.C., for Appellant Louisiana Municipal Police Employees Retirement System.   David B. Bergman, Ian S. Hoffman, Christopher A. Jaros, ARNOLD & PORTER, LLP, Washington, D.C.; Stephen E. Hart, FEDERAL HOUSING FINANCE AGENCY, Washington, D.C., for Appellee Federal Housing Finance Agency.

                    _____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal arises out of consolidated derivative actions that shareholders filed on behalf of the Federal Home Loan Mortgage Corporation ("Freddie Mac") against former directors and officers.[1] The shareholders allege that the defendants breached their fiduciary duties, wasted company assets, and grossly mismanaged the company, resulting in significant financial losses. Acting as conservator of Freddie Mac pursuant to federal law, the Federal Housing Finance Agency successfully moved in the district court to substitute itself as plaintiff in those actions. The shareholders appeal this ruling. We affirm.

I.

In 1970, Congress established Freddie Mac to promote homeownership by competing with the Federal National Mortgage Association ("Fannie Mae") in the secondary residential mortgage market. See Fed. Home Loan Mortgage Corp. Act, Pub. L. No. 91-351, § 301, 84 Stat. 450, 451 (1970) (codified as amended at 12

---

[1] Two of the actions -- Adams Family Trust v. Syron, and Louisiana Municipal Police Employees Retirement System v. Syron -- were filed in the Eastern District of Virginia in July and August 2008, respectively, and consolidated on October 15, 2008. The third action -- Bassman v. Syron -- was originally filed in the Southern District of New York in March 2008, ordered transferred to the Eastern District of Virginia on November 20, 2008, and consolidated with the other two cases on December 12, 2008.

U.S.C. §§ 1451 et seq.); Fed. Nat'l Mortgage Ass'n Charter Act, ch. 847, § 301, 48 Stat. 1246, 1252 (1934) (codified as amended at 12 U.S.C. §§ 1716 et seq.). Although both enterprises are structured as private corporations, Freddie Mac and Fannie Mae are government-sponsored institutions. Id. They "have an affirmative obligation to facilitate the financing of affordable housing for low- and moderate-income families in a manner consistent with their overall public purposes, while maintaining a strong financial condition and a reasonable economic return." 12 U.S.C. § 4501(7).

To provide "more effective Federal regulation" of Freddie Mac and Fannie Mae, Congress created the Office of Federal Housing Enterprise Oversight (the "Office") in 1992. See Pub. L. No. 102-550, §§ 1302, 1311, 106 Stat. 3672, 3941-44 (1992); 12 U.S.C. § 4501(2). The Office was responsible for making annual reports to Congress on "the financial safety and soundness" of Freddie Mac and Fannie Mae. Pub. L. No. 102-550, §§ 1317, 1319B, 106 Stat. at 3949, 3950. In 2007 and 2008, the Office conveyed positive reports on the fiscal health of both enterprises, describing them as "adequately capitalized." See In re Fed. Home Mortgage Corp. Derivative Litig., 643 F. Supp. 2d 790, 792 (E.D. Va. 2009) ("In re Freddie Mac"). In reality, however, Freddie Mac was poised to report considerable losses: $3.1 billion in 2007 and $50.1 billion in 2008. See id.

4

In 2008, amid these extensive losses, Congress passed and President George W. Bush signed the Housing and Economic Recovery Act of 2008 (the "Act"). The Act abolished the Office and another government entity, the Federal Housing Finance Board, and in their stead created the Federal Housing Finance Agency (the "Agency"). See Pub. L. No. 110-289 §§ 1301-1314, 122 Stat. 2654, 2794-99 (2008). The shareholders allege, and the Agency does not dispute, that the Agency's leadership and staff is "substantially unchanged" from that of the Office. See Appellants' Br. at 10. Indeed, the Agency's director, James Lockhart, is the former director of the Office.

The Act grants the Agency's director the authority to appoint the Agency as conservator or receiver of Freddie Mac in the event the enterprise becomes "critically undercapitalized." 12 U.S.C. § 4617. Pursuant to this authority, on September 6, 2008, Lockhart appointed the Agency as conservator of Freddie Mac. See In re Freddie Mac, 643 F. Supp. 2d at 793. As such, the Agency "succeed[ed] to all rights, titles, powers, and privileges of [Freddie Mac], and of any stockholder, officer, or director of [Freddie Mac] with respect to [Freddie Mac] and the assets of [Freddie Mac]," and is empowered to "take over the assets of and operate [Freddie Mac] with all the powers of the shareholders, the directors, and the officers of [Freddie Mac] and conduct all business of [Freddie Mac]." 12 U.S.C.

5

§ 4617(b)(2)(A)(i), (B)(i). The Act further provides that, except under limited circumstances not at issue here, "no court may take any action to restrain or affect the exercise of powers or functions of the [Agency] as a conservator or a receiver." Id. § 4617(f).

After its appointment as conservator, the Agency successfully moved to substitute itself as plaintiff in the consolidated actions in place of the shareholders. Thereafter, upon the Agency's motion, the district court dismissed the actions without prejudice.

II.

The district court, interpreting the Act, concluded that "the plain meaning of the statute is that all rights previously held by Freddie Mac's stockholders, including the right to sue derivatively, now belong exclusively to the [Agency]." In re Freddie Mac, 643 F. Supp. 2d at 795 (emphasis in original). The court found support in the Act's provision explicitly granting conservators and receivers "all rights, titles, powers, and privileges" of "any stockholder," 12 U.S.C. § 4617(b)(2)(A)(i), and the provision barring courts from "restrain[ing] or affect[ing] the exercise of powers or functions of the [Agency] as a conservator or receiver," id. § 4617(f). See In re Freddie Mac, 643 F. Supp. 2d at 797 ("This language clearly demonstrates

6

Congressional intent to transfer as much control of Freddie Mac as possible to the [Agency], including any right to sue on behalf of the corporation."). Further, the district court relied on case law interpreting the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, which has similar provisions transferring stockholders' "rights, titles, powers, and privileges" to federal bank receivers and conservators. See 12 U.S.C. § 1821(d)(2)(A)(i), (B)(i); see also Pareto v. FDIC, 139 F.3d 696, 700 (9th Cir. 1998) ("Congress has transferred everything it could to the FDIC, and that includes a stockholder's right, power or privilege to demand corporate action or to sue directors or others when action is not forthcoming.").

## III.

The shareholders appeal the substitution order, contending that under the Act the appointment of a receiver or conservator does not preclude a shareholder's derivative action. Our jurisdiction to hear this appeal arises under 28 U.S.C. § 1291. See Chao v. Rivendell Woods, Inc., 415 F.3d 342, 345 (4th Cir. 2005) (explaining voluntary dismissal of entire action without prejudice is a final decision appealable under § 1291). We review questions of statutory interpretation de novo. United States v. Abuagla, 336 F.3d 277, 278 (4th Cir. 2003).

7

Having carefully considered the record, the briefs and arguments of the parties, and the controlling and persuasive authorities, we conclude that the district court's analysis was correct. Accordingly, we affirm on the basis of the district court's well reasoned opinion. See In re Freddie Mac, 643 F. Supp. 2d 790.[2]

AFFIRMED

---

[2] The shareholders originally sought immediate review of the substitution order, noting their appeal before the district court entered the dismissal order. The Agency moved to dismiss the appeal, contending this court lacked jurisdiction to review the merits of the interlocutory order. Because, during the pendency of this appeal, the district court entered a final order dismissing the action, we deny as moot the Agency's motion to dismiss the appeal. See Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 868 (1994) (describing "general rule" that "claims of district court error at any stage of the litigation may be ventilated" upon entry of final judgment).