**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-2452**

———————————

BLUE WATER BALTIMORE,

                    Intervenor/Plaintiff - Appellant,

          v.

MAYOR AND CITY COUNCIL OF BALTIMORE, MARYLAND,

                    Defendant - Appellee,

UNITED STATES; STATE OF MARYLAND,

                    Plaintiffs - Appellees.

———————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, Senior District
Judge.  (1:02-cv-01524-JFM)

———————————

Submitted:  August 26, 2014       Decided:  September 9, 2014

———————————

Before NIEMEYER, SHEDD, and DIAZ, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Theodore L. Garrett, Thomas R. Brugato, COVINGTON & BURLING LLP,
Washington, D.C., for Appellant.  Douglas F. Gansler, Attorney
General of Maryland, Nancy W. Young, OFFICE OF THE ATTORNEY
GENERAL, Baltimore, Maryland; Robert G. Dreher, Acting Assistant
Attorney General, Aaron P. Avila, Robert J. Lundman, Cara M.
Mroczek, Emily A. Polachek, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C.; George Nilson, City Solicitor, Baltimore,

Maryland; Peter E. Keith, GALLAGHER EVELIUS & JONES LLP, Baltimore, Maryland; Thomas M. Lingan, VENABLE LLP, Baltimore, Maryland, for Appellees.

--------

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Blue Water Baltimore ("Blue Water"), an organization concerned with promoting water quality in and around Baltimore, Maryland, appeals the district court's order denying as untimely its motion to intervene pursuant to Fed. R. Civ. P. 24.[*] Finding no abuse of discretion, we affirm. See Alt v. EPA, __ F.3d __, __, 2014 WL 3397761, at *2 (4th Cir. July 14, 2014) (stating standard of review).

A party seeking to intervene under Rule 24, whether by right or by permission, must do so by timely motion. Id. In judging timeliness, a district court must "assess three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." Id. Here, the district court rightly focused on Blue Water's approximately eleven-year delay in moving to intervene following final judgment, long after the time for appeal had expired and otherwise in the absence of active proceedings. See Houston

---

[*] We reject the suggestion that the district court lacked jurisdiction to consider Blue Water's motion because it came well after the court's approval of a consent decree in the subject litigation. Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 840 (4th Cir. 1999). Moreover, to the extent Blue Water's intervention raised prudential or statutory standing concerns, we assume without deciding such issues in favor of Blue Water and proceed to the merits. See Kennedy v. Allera, 612 F.3d 261, 270 n.3 (4th Cir. 2010).

Gen. Ins. Co., 193 F.3d at 839-40; Black v. Cent. Motor Lines, Inc., 500 F.2d 407, 408 (4th Cir. 1974).

Blue Water's excuses for its significant delay are unavailing. Blue Water indicated in the district court that the concerns precipitating its attempted intervention have persisted for over a decade, thus belying the organization's insinuation that it acted as soon as practicable. See Gould v. Alleco, Inc., 883 F.2d 281, 286 (4th Cir. 1989). Nor, under the circumstances here, do we find the prospect of future litigation sufficient to permit Blue Water's intervention.

Moreover, allowing Blue Water the opportunity to disrupt a settled agreement would undoubtedly prejudice the existing parties. See Scardelletti v. Debarr, 265 F.3d 195, 203-04 (4th Cir. 2001), rev'd on other grounds sub nom., Devlin v. Scardelletti, 536 U.S. 1 (2002). Although Blue Water submits that the courts and the parties are served by its judicious use of intervention as a last resort, we recently explained that would-be intervenors who knowingly delay raising suspected violations of their rights tarry at their own peril. See Alt, 2014 WL 3397761, at *3.

Accordingly, we affirm the district court's denial of intervention. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials

4

before this court and argument would not aid in the decisional process.

AFFIRMED